# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CASS W. DOUGLASS, II,

   *Plaintiff,*

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

   *Defendant.*

Case No. 2:12-CV-02258-EFM

## MEMORANDUM AND ORDER

  Plaintiff Cass Douglass seeks review of a final decision by the Commissioner of Social Security ("Commissioner") denying his application for disability and disability insurance benefits under Title II of the Social Security Act. Plaintiff claims that the Commissioner's decision should be reversed because the ALJ's credibility determination and RFC assessment are unsupported by substantial evidence in the record and because the ALJ did not meet his burden to prove that other work exists in the national economy that Plaintiff is able to perform. Because the Court finds that the Commissioner's decision was not supported by substantial evidence, the Court reverses and remands this case for further consideration.

## I. Factual and Procedural Background

Plaintiff was born in 1975 and received a high school diploma in 1994. Prior to his alleged disability, Plaintiff worked as a heating and air conditioning installer. Plaintiff did not engage in substantial gainful activity during the period of review.

In his applications for disability and supplemental security income, Plaintiff alleged a disability onset date of July 20, 2006. Plaintiff's insured status expired on September 30, 2007. Plaintiff alleged disability during this time period due to deep vein thrombosis, superficial phlebitis, and painful blood clots. The agency denied Plaintiff's application both initially and upon reconsideration. Plaintiff subsequently requested a hearing before an ALJ.

The ALJ held an administrative hearing on September 1, 2010, at which Plaintiff was represented by counsel. During the hearing, Plaintiff testified regarding his medical conditions. The ALJ also heard testimony from a vocational expert who testified regarding work that Plaintiff could perform at the sedentary exertion level based on Plaintiff's age, education, and work history. On September 22, 2010, the ALJ issued his decision finding that Plaintiff was not under a "disability" as defined in the Social Security Act because he could perform other work. Plaintiff sought reconsideration of the ALJ's decision, which the Appeals Council denied on March 2, 2012. Accordingly, the ALJ's decision stands as the final decision of the Commissioner and this Court has jurisdiction to review the decision.

## II. Legal Standard

Pursuant to 42 U.S.C. § 405(g), "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." Upon review, the Court must determine whether substantial evidence supports the factual findings and whether the ALJ

applied the correct legal standard.[1] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[2] The Court is not to reweigh the evidence or substitute its opinion for the ALJ.[3] The Court must examine the record as a whole, including whatever in the record detracts from the ALJ's findings, to determine if the ALJ's decision is supported by substantial evidence.[4] Evidence is not substantial if it is overwhelmed by other evidence or if it is a mere conclusion.[5]

To establish a disability, a claimant must demonstrate a physical or mental impairment that has lasted, or can be expected to last, for a continuous period of twelve months and an inability to engage in any substantial gainful work existing in the national economy due to the impairment.[6] The ALJ uses a five-step sequential process to evaluate whether a claimant is disabled.[7] The claimant bears the burden during the first four steps.[8]

In steps one and two, the claimant must demonstrate that he is not presently engaged in substantial gainful activity and that he has a medically severe impairment or combination of impairments.[9] "At step three, if a claimant can show that the impairment is equivalent to a listed

---

[1] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

[2] *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (internal quotation marks omitted).

[3] *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

[4] *Wall*, 561 F.3d at 1052 (citing *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007)).

[5] *Id.* (citing *Grogan v. Barnhart*, 399 F.3d 1257, 1261–62 (10th Cir. 2005)); *see also Gossett v. Bowen*, 862 F.2d 802, 805 (10th Cir. 1988).

[6] 42 U.S.C. § 1382c(3)(A); *see also id.* § 423(d)(1)(A).

[7] 20 C.F.R. § 404.1520(a); *see also Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010).

[8] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

[9] *Id.*

impairment, he is presumed to be disabled and entitled to benefits."[10] If, however, the claimant does not establish an impairment at step three, the process continues. The ALJ assesses the claimant's residual functioning capacity ("RFC"), and at step four, the claimant must demonstrate that his impairment prevents him from performing his past work.[11] The Commissioner has the burden at the fifth step to demonstrate that work exists in the national economy within the claimant's RFC.[12] The RFC assessment is used to evaluate the claim at both steps four and five.[13]

### III. Analysis

The ALJ determined that Plaintiff satisfied steps one through four of the sequential process. At steps one and two, the ALJ found Plaintiff was not engaged in substantial gainful activity and that he had the medically "severe" impairment of superficial phlebitis. At step three, the ALJ determined that Plaintiff's condition did not meet or equal a listed impairment. After formulating Plaintiff's RFC, the ALJ found under step four that Plaintiff was unable to perform any past relevant work. At step five, the ALJ determined that Plaintiff could perform the jobs of credit checker and surveillance systems security monitor. For that reason, the ALJ concluded that Plaintiff was not disabled under the Social Security Act.

Plaintiff argues that the ALJ erred because he formulated the RFC before making the credibility finding and because the credibility determination is not supported by substantial evidence. Plaintiff also argues that the ALJ's RFC determination is not supported by substantial

---

[10] *Id.*

[11] *Id.*; *see also* 20 C.F.R. § 416.920(a)(4)(iv).

[12] *Id.*; *see also* 20 C.F.R. § 416.920(a)(4)(v).

[13] *See* 20 C.F.R. § 404.1520(a)(4)(iv)–(v).

evidence. Finally, Plaintiff argues that the ALJ erred in relying on the vocational expert's testimony in finding that Plaintiff could perform work existing in the national economy.

### A. Credibility Determination

Credibility determinations are peculiarly the province of the finder of fact, and a court will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.[14] Furthermore, an ALJ cannot ignore evidence favorable to the plaintiff.[15]

The Court will affirm an ALJ's credibility determination that does not rest on mere boilerplate language but instead is linked to specific findings of fact fairly derived from the record.[16] Although the Court will not reweigh the evidence or substitute its judgment for that of the ALJ, the ALJ's conclusions must be reasonable and consistent with the evidence.[17] The Court cannot displace the ALJ's choice between two fairly conflicting views even though the Court may have justifiably made a different choice.[18]

When evaluating a claimant's allegations of pain, the ALJ must consider (1) whether claimant established a pain-producing impairment by objective medical evidence, (2) whether there is a "loose nexus" between the proven impairment and the claimant's subjective allegations of pain, and (3) whether considering all the evidence, both objective and subjective, claimant's

---

[14] *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995).

[15] *Owen v. Chater*, 913 F. Supp. 1413, 1420 (D. Kan. 1995).

[16] *White v. Barnhart*, 287 F.3d 903, 909–10 (10th Cir. 2002).

[17] *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005); *White*, 287 F.3d at 905, 908; see also *Glenn v. Shalala*, 21 F.3d 983, 988 (10th Cir. 1994).

[18] *Oldham v. Astrue*, 509 F.3d 1254, 1257–1258 (10th Cir. 2007).

pain is in fact disabling.[19]  Factors that may be relevant in assessing the claimant's testimony include the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subject measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.[20]

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms but that Plaintiff's "statements concerning the intensity, persistence and limited effects of these symptoms are not credible to the extent they are not credible with the above residual functional capacity assessment." Plaintiff contends that this language suggests that the ALJ reversed the method of analysis and made the RFC determination before making the credibility finding.  Plaintiff argues that the use of this "standard boilerplate language" is error because the ALJ failed to set forth specific evidence the ALJ considered in determining Plaintiff's complaints were not credible.

The ALJ's use of standardized language is not error and does not suggest that the ALJ formulated the RFC before making the credibility determination.  Plaintiff's argument rests on a Seventh Circuit decision, *Bjornson v. Astrue*,[21] in which the court criticized the use of equivalent standard language by the ALJ.  However, the court in that case did not reverse and remand the

---

[19] *See Kepler*, 68 F.3d at 390–91; *Thompson v. Sullivan*, 987 F. 2d 1482, 1488–89 (10th Cir. 1993); *Luna v. Bowen*, 834 F.2d 161, 163–65 (10th Cir. 1987).

[20] *Thompson*, 987 F.2d at 1489.

[21] 671 F.3d 640 (7th Cir. 2012).

ALJ's credibility determination on the use of standardized language alone.[22] Instead, the court considered the ALJ's specific reasons for rejecting the ALJ's credibility determination and found they were not supported by substantial evidence.[23] Accordingly, the Court finds that the ALJ's use of standard boilerplate language in this case is not, in and of itself, grounds for reversal.

Plaintiff also contends that the ALJ's credibility determination is not supported by substantial evidence. In making his credibility finding, the ALJ noted that the Plaintiff's 2008 function report stated that Plaintiff performed the daily activities of driving his daughter to school, caring for an infant, shopping at the grocery, and performing household chores. The report also stated that Plaintiff elevated his legs before lunch and again in the afternoon. The ALJ found these daily activities inconsistent with Plaintiff's testimony at the hearing, where Plaintiff stated that he elevated his legs six hours a day. The ALJ also found that Plaintiff's testimony at the hearing appeared to address his limitations as of September 2010, three years after his date last insured.

The Court finds that the ALJ's credibility determination is not supported by substantial evidence. While the ALJ need not address every *Luna* factor in making a credibility determination, the ALJ essentially restricted his analysis to Plaintiff's activities of daily living and failed to correctly analyze the relevant evidence bearing on that single factor. According to the regulations, activities such as taking care of oneself, household tasks, hobbies, therapy, school attendance, club activities, or social programs are generally not considered substantial gainful activity.[24] Furthermore, "one does not need to be utterly or total incapacitated in order to

---

[22] *Id.* at 645-46.

[23] *Id.* at 646.

[24] 20 C.F.R. § 404.1572(c).

be disabled."[25]  This Court has previously found that the daily activities of caring for a four-year-old, performing household chores, and shopping for groceries were not enough to establish that a claimant is not able to work full time and are not inconsistent with claims of disabling pain.[26]

Similarly, Plaintiff's limited daily activities of driving his daughter to school, caring for an infant, occasional shopping, and performing household chores are not inconsistent with his claims of disabling pain.  Moreover, the record shows that Plaintiff received help from his mother and his oldest daughter during the day and that Plaintiff's wife works part-time only when his condition allows it.  The Court also finds that the ALJ failed to fulfill his duty to solicit testimony from Plaintiff regarding his daily activities during the relevant 2006-2007 time period.  Social Security proceedings "are inquisitorial rather than adversarial" and the ALJ has the duty to "investigate the factors and develop the arguments both for and against granting benefits."[27]  "This duty exists even when the claimant is represented by counsel."[28]  Here, the ALJ directed the questioning at Plaintiff's hearing regarding Plaintiff's condition.  The ALJ could have placed temporal parameters on the questions so that Plaintiff's testimony reflected his limitations during the relevant 2006-2007 time period if he felt it was necessary.

Accordingly, the Court finds that the ALJ's credibility determination is not sufficiently supported by the record.  On remand, the ALJ should adequately develop the record and more fully consider the evidence relevant to the various *Luna* factors.

---

[25] *Emerson v. Astrue*, 2011 WL 1303345, at *8 (D. Kan. April 6, 2011); *see also Anderson v. Apfel*, 100 F. Supp. 2d 1278, 1289-90 (D. Kan. 2000) (finding that occasional gardening, riding a lawn mower, and fishing were not substantial evidence that the claimant's disability level were inconsistent with his claimed disability).

[26] *Emerson*, 2011 WL 1303345, at *9.

[27] *Sims v. Apfel*, 530 U.S. 103, 111 (2000) (citing *Richardson v. Perales*, 402 U.S. 389, 400-01 (1971)).

[28] *Baca v. Dept. of Health & Human Servs.*, 5 F.3d 476, 480 (10th Cir. 1993) (citing *Baker v. Bowen*, 886 F.2d 289, 292 n.1 (10th Cir. 1989))

### B. RFC Assessment and Step 5

Because this Court concludes that the ALJ did not follow the correct legal standards when making his credibility determination, the Court will not reach the remaining issues raised in the petition. The ALJ's RFC and evaluation of whether work exists in the national economy within Plaintiff's RFC assessment may be affected by the ALJ's reconsideration of his credibility determination in accordance with the Court's preceding analysis

**IT IS ACCORDINGLY ORDERED** this 27th day of November, 2013, that judgment of the Commissioner is REVERSED, and that judgment be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this memorandum and order.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE